AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 13 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT

EASTERN District of ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br><br> MATTHEW TINKLE | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number:    4:13CR00225-001 SWW <br> USM Number:    27945-009 <br><br> Nicole Lybrand (appointed) <br> Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    1 of the indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography, a Class C Felony | 11/26/2012 | 1 |

     The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)    2, 3    ☐ is    X are    dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 12, 2015
Date of Imposition of Judgment

_(signature)_
Signature of Judge

U. S. District Judge Susan Webber Wright
Name and Title of Judge

2-13-2015
Date

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: Matthew Tinkle
CASE NUMBER: 4:13CR00225-001 SWW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**SEVENTY-EIGHT (78) MONTHS.**

X The court makes the following recommendations to the Bureau of Prisons:
**IF DEFENDANT IS ELIGIBLE AND IF APPROPRIATE FOR DEFENDANT,** the Court recommends that defendant receive a psychosexual evaluation and participate in sex offender counseling to include the Intensive Sexual Offender Treatment Program, mental health counseling and educational/vocational programs during incarceration.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: Matthew Tinkle
CASE NUMBER: 4:13CR00225-001 SWW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
**THIRTY (30) YEARS.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

X    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Matthew Tinkle
CASE NUMBER: 4:13CR00225-001 SWW

# ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall contact the U. S. Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons and comply with all mandatory and standard conditions that apply.

2. Defendant shall participate in mental health counseling specializing in sexual offender treatment under the guidance and supervision of the Probation Officer and abide by the rules, requirements and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be used for investigative purposes and may also be considered in a hearing to modify release conditions. The defendant shall contribute to the costs based on his ability to pay.

3. The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.

4. The Probation Officer will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

5. Defendant shall have no direct contact with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer. Should the defendant have incidental contact with a child, the defendant is required to immediately remove himself from the situation and notify his probation officer within 24 hours of this contact.

6. The defendant is prohibited from possessing, subscribing to, or viewing any video, magazines, or literature depicting children in the nude and/or in sexually explicit positions.

7. The defendant shall submit his person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation office in the lawful discharge of the officer's supervision functions, pursuant to 18 U.S.C. § 3583(d).

8. The defendant shall not possess or use a computer with access to any on-line service at a location (including employment) without the written approval from the U. S. Probation Officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. It includes those that have public access including a public library.

9. The defendant shall not own or use any computer or electronic device with Internet access at any location other than using a third party's computer to apply for employment at that party's business, without first receiving the permission from the U. S. Probation Officer. This includes access through any Internet service provider, bulletin board system, gaming system, device, or console, online social networking activities, any public or private computer network system; cell phone; or any other remote device capable of Internet connection. The defendant will not access the Internet by any device or means that is not susceptible to monitoring by the probation office.

10. The defendant shall agree to the installation of computer monitoring software and hardware approved by the probation office. The defendant shall abide by rules and requirements of the program and shall consent to unannounced examinations of all computer equipment internal and external storage devices which may include retrieval and copying of all data from the computer(s) and any internal and external peripherals and/or removal of such equipment for the purpose of conducting a more thorough inspection by the probation office or probation office representative.

11. Defendant shall participate in mental health counseling under the guidance and supervision of the U. S. Probation Office. Further, the defendant shall abstain from the use of alcohol throughout the course of supervision and submit to testing.

12. Defendant shall disclose financial information upon request of the U.S. Probation Office, including but not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which the defendant is associated. No new lines of credit shall be established without prior approval of the U. S. Probation Office until all criminal penalties have been satisfied.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT: Matthew Tinkle
CASE NUMBER: 4:13CR00225-001 SWW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ n/a | $ n/a |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Matthew Tinkle
CASE NUMBER: 4:13CR00225-001 SWW

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of $ 100  due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.